## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| **STRATOS ENTERPRISES INC. ET AL.** | * | **CIVIL ACTION NO. 16-1329** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **SPIRIT HALLOWEEN SUPERSTORES L L C** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to transfer pursuant to 28 U.S.C. § 1404(a). [doc. #13]. The motion is opposed. For reasons set forth below, it is recommended that the motion be **DENIED** and that the case be **DISMISSED WITHOUT PREJUDICE** under the doctrine of *forum non conveniens.*

### Background

On April 10, 2015, Stratos Enterprises Inc. ("Stratos") and Spirit Halloween Superstores LLC ("Spirit") executed a Halloween Merchandise Consignment Contract ("Consignment Agreement") to govern the sale of Halloween merchandise placed into Stratos' custody by Spirit during the 2015 Halloween season.

The Consignment Agreement included a forum-selection clause and a choice-of-law provision. The forum-selection clause provides,

> This Consignment Contract will be governed and construed in accordance with New Jersey law, without regard to conflict of law principles, and shall be treated as if the entire transaction was entered into in the State of New Jersey. The state and federal courts in Atlantic County, New Jersey shall have sole and exclusive jurisdiction over any disputes between the parties. Each party hereby submits to personal jurisdiction in Atlantic County, New Jersey and waives any claims it may have for *forum non conveniens.*

Consignment Agreement, § 8.1. The separate choice-of-law provision provides, in pertinent part,

> The validity, interpretation, enforceability, and performance of this Consignment Agreement shall be governed by and construed in accordance with the law of the State of New Jersey[.]

*Id.* § 6.5.

Pursuant to its terms, the Consignment Agreement terminated on January 31, 2016. On August 22, 2016, Stratos and its President, Farra Shaw, filed a Petition for Declaratory Judgment against Spirit in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. [doc. #1, Exh. B]. The suit seeks a judgment declaring the restrictive covenants found in Section 5 of the Consignment Agreement null and void. *Id.* ¶ 15. In addition to declaratory relief, Plaintiffs also seek attorney's fees. *Id*.

On September 21, 2016, Spirit removed the matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *See* Notice of Removal, [doc. #1]. On November 9, 2016, Defendant filed the instant motion to transfer pursuant to 28 U.S.C. § 1404(a). [doc. #13]. On December 1, 2016, Plaintiffs filed their opposition to the motion. [doc. #17]. On December 8, 2016, Defendant filed a reply memorandum. [doc. #24]. Thus, the matter is now before the Court.

## Discussion

**I. The Forum-Selection Clause Is Enforceable**

Per the terms of the Consignment Agreement's forum-selection clause, Defendant seeks to transfer this matter to the District of New Jersey. "Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases." *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008) (internal citations and quotations omitted). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the

circumstances." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10 (1972). A party may demonstrate unreasonableness where

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997). The party resisting enforcement bears a "heavy burden of proof." *M/S Bremen*, 407 U.S. at 17.

Plaintiffs argue that the forum-selection clause is invalid under Louisiana Revised Statute § 23:921, and contrary to Louisiana public policy. The *enforceability* of a forum-selection clause is determined under federal law; however, it is undecided whether the *validity* of a forum-selection clause is determined under federal or state law. *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301-03 (5th Cir. 2016). Like in *Barnett*, it is unnecessary to determine whether state or federal law controls the "validity inquiry" because the Court finds that the forum-selection clause is not invalid under § 23:921 or contrary to Louisiana public policy.

Louisiana Revised Statute § 23:921(A)(2) provides that forum selection and choice of law clauses in "an employee's contract of employment or collective bargaining agreement" "shall be null and void" except where both clauses are "expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action." LA. R. S. § 23:921(A)(2). Following the termination of the Consignment Agreement on January 31, 2016, Plaintiffs did not agree to or ratify the forum selection or choice of law clauses. [doc. #17, p. 4]. The Louisiana Supreme Court has held that Louisiana has a strong public policy concerning forum selection clauses in employment contracts. *Sawicki v. K/S Stavanger Prince*, 802 So.2d 598, 606 (La. 2001).

3

However, Plaintiffs were admittedly independent contractors, not employees, under the terms of the Consignment Agreement. The issue, then, is whether § 23:921 applies in this case. Louisiana federal and state courts are split on this issue.[1] *Compare Reynolds v. Paulson*, 871 So.2d 1215, 1222 (La. Ct. App. 4th Cir. 2004) (Plaintiff's status as an independent contractor under a consulting agreement rendered 23:921(A)(2) inapplicable); *and, Goodly v. Check-6, Inc.*, No. 16-1936, 2016 WL 3090293, *4 (E.D. La. June 2, 2016) (Plaintiff failed to introduce sufficient evidence to establish that the contract at issue was an employment contract, rather than an independent contractor agreement, rendering § 23:921 inapplicable); *with O'Hara v. Globus Medical, Inc.*, 181 So.3d 69, 84-85 (La. Ct. App. 1st Cir. 2015) (holding that § 23:921(A)(2) applies to independent contractors).

The Court declines to apply § 23:921(A)(2) to the Consignment Agreement in this case. Plaintiffs in *O'Hara* were individuals, whereas this case involves two sophisticated players who benefitted from a business relationship for twelve years. Section 23:921(A)(2) withstanding, commercially sophisticated parties may limit their disputes to any forum of their choosing. *See Vallejo Enterprise, L.L.C. v. Boulder Image, Inc.*, 950 So.2d 832, 837 (La. Ct. App. 1st Cir. 2006). Moreover, the Louisiana Supreme Court has recently clarified that "forum selection clauses are generally enforceable and are not *per se* violative of public policy in Louisiana." *Shelter v. Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of La.*, 148 So.3d 871, 878 (La. 2014). Indeed, the *Shelter* Court noted that "*Sawicki* applied [§ 23:921(A)(2)] to the facts of that case," which involved an employment contract, and "does not stand for the general proposition that all forum selection clauses are unenforceable in Louisiana." *Id.* at 877. The *Shelter* court upheld a

---

[1] When applying state substantive law to an issue not yet addressed by the state's highest court, a federal court sitting in diversity must make an *Erie* guess as to how that court would decide the issue. *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999).

4

forum selection clause, recognizing that the freedom to contract is an important public policy and that the parties were "commercially sophisticated entities". *Id.* at 881-82.

Thus, because there was no employee-employer relationship, the parties are commercially sophisticated, and the Louisiana Supreme Court has recently interpreted § 23:921(A)(2) and the *Sawicki* holding narrowly, the undersigned finds that § 23:921(A)(2) does not apply to the forum-selection clause in this case. Plaintiffs have provided no other arguments to support the contention that the forum-selection clause is unenforceable.[2] Accordingly, Plaintiffs have failed to carry their heavy burden of proof, and the forum-selection clause is enforceable.[3]

## II. The Forum-Selection Clause Mandates Venue in Atlantic County State Courts

Forum selection clauses may be classified as either mandatory or permissive. The forum-

---

[2] The Court notes that Plaintiffs do not expressly argue that the choice-of-law provision in the Consignment Agreement is invalid or contrary to Louisiana public policy. To the extent Plaintiffs may argue that the choice-of-law provision is invalid under § 23:921(A)(2), that argument is unpersuasive. As discussed above, § 23:921(A)(2) does not apply here. Furthermore, to the extent Plaintiffs may argue that the choice-of-law provision violates Louisiana public policy, this argument is also unpersuasive. It is true that Louisiana has a strong public policy in restricting noncompetition agreements, *SWAT 24 Shreveport Bossier, Inc. v. Bond*, 808 So.2d 294, 298 (La. 2001), and the application of New Jersey law to enforce the Consignment Agreement's noncompetition provision might violate Louisiana public policy if the Court were to apply Louisiana's choice-of-law rules. *See* LA. CIV. C. art. 3540. But "when a party seeking to escape a forum selection clause files suit in a different forum, that party cannot then benefit from that forum's choice-of-law rules." *Barnett v. DynCorp Int'l LLC*, No. 4:15-cv-233-O, 2015 WL 12714715, *2 (N.D. Tex. July 13, 2015), *aff'd*, 831 F.3d 296 (5th Cir. 2016) (citing *Atlantic Marine*, 134 S.Ct. at 583 ("[A] plaintiff who files suit in violation of a forum-selection clause enjoys no such 'privilege' with respect to its choice of forum, and therefore it is entitled to no concomitant 'state-law advantages.'")). Thus, Plaintiffs cannot benefit from Louisiana's choice-of-law rules to escape an enforceable forum-selection clause.

[3] Typically, Courts will determine whether the claims at issue fall within the purview of the forum-selection clause. Neither party in this case argues that the claims do not fall within the confines of the forum-selection clause. The forum-selection clause applies to "any disputes between the parties." Consignment Agreement, § 8.1. This declaratory judgment action attempting to invalidate the Agreement's noncompetition provision certainly falls within the purview of the forum-selection clause.

selection clause in this case is clearly mandatory and neither party disputes this fact. It provides, "The state and federal courts in Atlantic County, New Jersey *shall* have *sole* and *exclusive* jurisdiction over any disputes between the parties." (emphasis added). The Court recognizes that "interpreting" a forum-selection clause as either mandatory or permissive is distinct from "enforceability" of a forum-selection clause. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016). Thus, ordinarily the Court is bound to engage in a "choice-of-law analysis that federal courts sitting in diversity routinely perform under the *Erie-Klaxon* doctrine." *Id.* Nevertheless, because the application of New Jersey law and Louisiana law would not lead to different results, the Court finds it unnecessary to conduct a full analysis under Louisiana choice-of-law principles. *See Town of Homer v. United Healthcare of La., Inc.*, 948 So.2d 1163, 1167 (La. Ct. App. 2d Cir. 2007) (holding that a forum-selection clause is mandatory if it "clearly establish[es] the parties' intent to make the chosen venue exclusive."); *Cancer Genetics, Inc. v. Kreatech Biotechnology, B.V.*, No. 07-273 (JAG), 2007 WL 4365328, *4 (D. N.J. 2007) (holding that a "mandatory forum selection clause . . . designates an exclusive forum to resolve disputes.").

     Having determined that the forum-selection clause is both enforceable and mandatory, the Court would typically conduct an analysis under § 1404(a) to determine if transfer is warranted. However, both parties failed to discover that there is no federal courthouse in Atlantic County, New Jersey. The District of New Jersey is comprised of three divisions: Camden Division, Newark Division, and Trenton Division. Atlantic County is covered by the Camden Division, but no federal courthouse is located there. When a forum-selection clause mandates venue in a specific county—and there is no federal court in that county—venue is *not* appropriate in the federal district court whose district encompasses that county. *See Alliance Health Grp.*, 553 F.3d

6

at 399; *Navickas v. Aircenter, Inc.*, No. 1:02-CV-363, 2003 WL 21212747, *4 (E.D. Tenn. Apr. 10, 2003) (finding that most "[c]ourts have concluded that venue is not permitted in the federal court of the district encompassing that county named in the [forum-selection] clause."); *Peavy*, 2002 WL 449582, *2 (holding that a "forum selection clause that specifies venue in a county that has no federal court cannot reasonably be interpreted to permit suit in a federal court located in a different county."). Thus, transfer to the District of New Jersey in Camden (or elsewhere) is not permissible.

Because there is no federal district court in Atlantic County, the forum selection clause mandates venue in Atlantic County state courts. *See Alliance Health Group*, 553 F.3d at 399; *Peavy*, 2002 WL 449582, *2; *Navickas*, 2003 WL 21212747, *5. "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S.Ct. 568, 580 (2013); *see Weber*, 811 F.3d at 766. Courts evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum. *Id.*

### III. Dismissal Under *Forum Non Conveniens* Is Warranted

A valid forum-selection clause pointing to a foreign or state tribunal requires *forum non conveniens* dismissal absent unusual circumstances. *Barnett*, 831 F.3d at 301. "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations."*Atlantic Marine*, 134 S.Ct. at 581. However, the "presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.* First, the Plaintiff's choice of forum is accorded no weight; second, the court may not consider arguments concerning

private interest factors; and third, the case does not retain the original venue's choice of law rules if transferred. *Id.*

The public interest factors considered are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Weber*, 811 F.3d at 776. "[A] valid forum-selection clause controls the *forum non conveniens* inquiry '[i]n all but the most unusual cases.'" *Barnett*, 831 F.3d at 300 (citing *Atlantic Marine*, 134 S.Ct. at 583). "As the party defying the forum-selection clause, plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atlantic Marine*, 134 S.Ct. at 581. Cases in which the public-interest factors are sufficiently strong to outweigh a valid forum-selection clause will be uncommon. *Weber*, 811 F.3d at 767.

This case is not unusual and Plaintiffs have failed to meet their burden of showing that the public-interest factors favor keeping this matter despite the existence of an enforceable forum-selection clause. Plaintiffs concede that the first factor is neutral. [doc. #17, p. 7]. As for the second factor, Plaintiffs contend that "this community maintains an interest in the matter because resolution of the dispute potentially will affect business(es) and workers in and around this area". *Id.* However, New Jersey has at least an equal interest in this matter, as the Consignment Agreement was executed there, Spirit's principal place of business is located in New Jersey, and Plaintiffs traveled to New Jersey on numerous occasions to attend Spirit's annual training event and learn about Spirit's business. [doc. #13, p. 8; Platas Decl., ¶¶2, 10, 11).

The third and fourth factors weigh in favor of transfer. The Consignment Agreement contains a choice of law provision which states that the agreement "will be governed and construed in accordance with New Jersey law, without regard to conflict of law principles, and shall be treated as if the entire transaction was entered into in the State of New Jersey." Consignment Agreement, § 8.1. Thus, New Jersey law will very likely apply to the merits of this case. The last factor is neutral, as Plaintiffs have not demanded a jury trial. Finally, there is no contention that New Jersey state court in Atlantic County is unavailable or inadequate as an alternative forum.[4]

The Court is therefore bound to enforce the Consignment Agreement's forum-selection clause, and it is recommended that Defendant's motion to transfer be DENIED and this action be DISMISSED WITHOUT PREJUDICE.[5]

**Conclusion**

For the above-stated reasons,

---

[4] "In conducting a *forum non conveniens* inquiry, a district court first must assess whether an alternative forum is available" and then "if the alternative forum is adequate." *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379 (5th Cir. 2002). An alternative forum is available if "the entire case and all parties can come within the jurisdiction of that forum." *Id.* (internal citations and quotations omitted). An alternative forum is adequate if "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Id.* (citing *In re Air Crash Disaster Near New Orleans*, *La. on July 9, 1982*, 821 F.2d 1147, 1165 (5th Cir. 1987) (en banc)). Both parties are subject to jurisdiction in New Jersey and there is no reason to believe Plaintiffs would be deprived of all remedies or treated unfairly.

[5] The Court may *sua sponte* dismiss a case pursuant to *forum non conveniens* so long as the adverse party receives adequate notice and an opportunity to respond. *See Indusoft, Inc. v. Taccolini*, 560 Fed. App'x 245, 253 (5th Cir. 2014); *Gaffney v. State Farm Fire & Cas. Co.*, 294 Fed. App'x 975, 976-77 (5th Cir. 2008). However, this rule is subject to two exceptions: "if the dismissal is without prejudice, or if the plaintiff has alleged his best case." *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016). This dismissal is without prejudice, so no notice is required. In any event, the instant report and recommendation provides adequate notice to the parties. *See McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir.1998)).

IT IS RECOMMENDED that Defendants' motion for transfer [doc. # 13] be DENIED, and that the case be DISMISSED WITHOUT PREJUDICE under the doctrine of *forum non conveniens*.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 13th day of December 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE